*Clover v. Gobindram*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of October, two thousand twelve.

PRESENT:
>PIERRE N. LEVAL,
>JOSÉ A. CABRANES,
>ROBERT A. KATZMANN,
>>*Circuit Judges.*

_____

CHRISTINE CLOVER and STEPHANIE CORTES, on behalf of themselves and other similarly situated current and former employees of defendants,

>*Plaintiffs-Appellees.*

v.                                                                              No. 11-2495-cv

KAILASH GOBINDRAM, JACQUELINE MELSON,

>*Defendants-Appellants,*

Shiva Realty of Mulberry, Inc., Shiva Donuts of Maiden Lane, Inc., Shiva Realty of Fulton, Inc., Gobindram D/D Irrevocable Family Trust, Ashwin Gobindram,

>*Defendants.*

_____

FOR APPELLANTS:                    Kailash Gobindram, Jacqueline Melson, *pro se*, Amityville, NY.

FOR APPELLEES:                     Bruce E. Menken, Beranbaum Menken LLP, New York, NY.


        Appeal from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge.*).

        **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 25, 2011 judgment of the District Court be **AFFIRMED**.

        Appellants Kailash Gobindram and Jacqueline Melson, proceeding *pro se*, appeal from a May 25, 2011 judgment of the District Court granting the plaintiffs' motion for attorney's fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the New York Labor Law, N.Y. Labor Law § 663(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

        We review the District Court's award of attorney's fees for abuse of discretion. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). "[A]buse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." *McDaniel*, 595 F.3d at 416 (alterations in original and internal quotation marks omitted).

        We have carefully reviewed the District Court's opinion and order and the record on appeal, and determine that the Court did not abuse its discretion in granting the plaintiffs' motion for attorney's fees and awarding $33,035 in fees and costs against the defendants.[1]

---

        [1] Melson argues on appeal that she was not an officer, director, or shareholder of the corporate defendants in this case, and that therefore she should not be liable for attorneys fees. Melson's argument fails in light of her written agreement to the settlement. By signing the settlement documents, she entered into a contract to become liable to the plaintiffs, jointly and severally with the other defendants, for both the awards to the plaintiffs themselves and for reasonable attorneys fees to the plaintiffs' attorneys—whether or not she was originally a proper party to the litigation. *See Yonkers Fur Dressing Co. v. Royal Ins. Co.*, 247 N.Y. 435, 444, 160 N.E. 778, 781 (1928) ("A contract of settlement, if valid in itself, is final and is to be sustained by the court without regard to the validity of the original claim."). We therefore do not consider, much less decide, whether Melson was in fact a proper party prior to signing the settlement agreement.

The judgment of the District Court is hereby **AFFIRMED**. Additionally, Melson's motion for leave to file a supplemental appendix is hereby **DENIED**, as the documents that she seeks to include in the appendix are not part of the record, *see* Fed. R. App. P. 30(a)(1), and, in any event, are not relevant to our decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3